# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW ALDERFER,[1]

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
PH-0752-13-2495-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Andrew Alderfer</u>, Folcroft, Pennsylvania, pro se.

<u>James M. Metcalfe</u>, Esquire, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed his furlough for 6 days. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *NAVSSESNEROKSHGR v. Department of the Navy*, MSPB Docket No. PH-0752-14-0372-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency issued a decision notice furloughing the appellant for no more than 11 workdays (later reduced to 6 days) from his Administrative/Technical Specialist position. MSPB Docket No. PH-0752-13-2495-I-1, Initial Appeal File (IAF), Tab 1 at 7-14, Tab 3 at 4. The furlough was based on serious budgetary challenges facing the Department of Defense (DOD), including the sequester that began on March 1, 2013. The appellant filed an appeal which the administrative judge consolidated with the appeals of similarly situated employees. MSPB Docket No. PH-0752-14-0372-I-1, Consolidated Appeal File (CAF), Tab 1 at 1-2. After holding the requested hearing, the administrative judge affirmed the furlough actions. CAF, Tab 9, Initial Decision (ID) at 1-15.

¶3        On review, the appellant asserts that the administrative judge erred by denying his motion to compel discovery because the information sought would have led to evidence showing that there was in fact no budget shortfall and that the agency achieved no savings from the furlough. Petition for Review (PFR) File, Tab 1 at 4. The administrative judge issued a Furlough Procedures Order on February 12, 2014, in which she informed the appellant that, if he wished to

engage in discovery, he must file his initial discovery requests with the agency within 40 calendar days of the date of the order. CAF, Tab 1 at 4. The order further informed the appellant that "you must not submit your discovery requests and responses to the Board" unless he was filing a motion to compel. *Id.* at 4-5. The agency asserted below, and the appellant does not contest, that he never filed any discovery requests, either within the 40-day deadline or otherwise. *See* IAF, Tab 7 at 3. It appears that, instead of timely submitting discovery requests to the agency, the appellant submitted his discovery requests out of time to the administrative judge and attempted to characterize them as a motion to compel. IAF, Tab 6 at 3. Because the appellant never filed any discovery requests in the first place, there was nothing to which the administrative judge could compel the agency to respond and no basis for granting any motion to compel. Moreover, the Board has found under similar circumstances that a motion to compel information relating to cost savings in a furlough would be denied because the matter of cost savings was outside the scope of the Board's review. *Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 10 (2015); *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 9 (2013). We find, therefore, that the administrative judge did not abuse her discretion by denying the appellant's motion to compel.

¶4     The appellant further claims on review that the agency granted some employees overtime to perform duties that he deems not mission-critical work and that the agency did not provide any evidence concerning the number of hours or funds spent on overtime for other employees who were not furloughed.[3] PFR File, Tab 1 at 4. He asserts that the agency continued to hire new employees during the furlough period. *Id.* The agency is not required to prove that the furlough actually resulted in a cost savings; it is enough for the agency to show

---

[3] The appellant's opinion, and for that matter the Board's opinion, as to whether the duties in question were mission-critical are not relevant. The Board will not second-guess an agency's assessment of its mission requirements and priorities. *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 16 (2015).

that the furlough action was a reasonable management solution at the time the action was taken. *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 (2015). The Board has found that the hiring of new employees and the payment of overtime to perform mission-critical work during a furlough are issues that are solely spending matters within the agency's sound discretion. *Chandler*, 120 M.S.P.R. 163, ¶ 14; *see Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 10 (2014). We agree with the administrative judge that the agency established that the Department of Defense faced a lack of funds and that the furlough actions were a reasonable management solution to the problem. ID at 14-15; *see Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014).

¶5          Finally, the appellant asserts that Federal "employees were used as leverage" in a national partisan-political dispute over government funding, which he claims constitutes a prohibited personnel practice. PFR File, Tab 1 at 4. However, he has not alleged that *the agency* made its decisions as to how to best deal with the sequester, once the sequester was imposed on it, based on partisan-political considerations. Furthermore, he has not alleged that he was singled out for partisan-political reasons or that a class of similarly situated employees that included him was singled out for partisan-political reasons. Given that the appellant does not allege facts that, if proven, could constitute a prohibited personnel practice, we find, as did the administrative judge below, that his prohibited personnel practice claim is without merit. *See* ID at 14.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.